IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL L. CALLAHAN, Individually and On Behalf of All Other Similarly Situated,** : : : Plaintiffs, : : v. : : **ENCORE SERIES INC. dba THE PHILLY POPS, THE KIMMEL CENTER, INC., THE PHILADELPHIA ORCHESTRA ASSOCIATION AND KIMMEL CENTER, INC., TICKET PHILADELPHIA, and FRANK GIORDANO,** : : : : : : : : Defendants. : | | **CIVIL ACTION** **NO. 2:24-cv-05495** |

## ORDER

**AND NOW,** this 13th day of November, 2025, upon consideration of the Defendants Kimmel Center, Inc., Philadelphia Orchestra and Kimmel Center, Inc., and Ticket Philadelphia's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") (ECF No. 31), and the responses thereto, it is hereby **ORDERED** that the Motion is **GRANTED in part** and **DENIED in part** as follows:

1.  The Motion is **GRANTED** with respect to Counts II, III, and IX. Counts II, III, and IX are **DISMISSED without prejudice**.[1]

2.  The Motion is **DENIED** with respect to Counts I, IV, V, VIII and X.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Plaintiff Carol L. Callahan brings this putative class action against Kimmel Center Inc. ("KCI"), Philadelphia Orchestra and Kimmel Center, Inc. ("POKC"), Ticket Philadelphia (together with KCI and POKC, "Kimmel Defendants"), and Encore, Inc. ("Encore") for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), breach of contract, fraud, aiding and abetting fraud, concert of action, promissory estoppel, and negligent misrepresentation. ECF No. 7 ¶¶ 114-25 (I), 126-34 (II), 135-46 (III), 147-55 (IV), 156-66 (V), 176-86 (VII), 187-95 (VIII), 195-99 (IX), 200-05 (X).

On January 3, 2023, Plaintiff purchased tickets to see the Philly Pops ("Pops") in February and May 2023 at Verizon Hall, a KCI property. *Id.* ¶ 30. But those concerts never took place because Kimmel Defendants evicted Encore from Verizon Hall. *Id.* ¶¶ 32, 34, 36. Despite repeated efforts, Plaintiff was never refunded for the tickets she purchased but could not use. *Id.* ¶¶ 37-39. Plaintiff further alleges that Defendants carried out a coordinated scheme with Encore, wherein they participated in making misleading statements that induced consumers to buy Pops tickets. *Id.* ¶¶ 73-74, 118-21.

Count II, which relates to a breach of an alleged merger agreement, fails because Plaintiff does not establish contract formation. Contract formation requires a manifestation of mutual assent and exchange of consideration. *Jenkins v. Cnty. of Schuylkill*, 658 A.2d 380, 383 (Pa. Super. Ct. 1995) (dismissing a breach of contract claim because "there clearly was no contract" where preliminary negotiations did not manifest intent by the defendant to be bound by the terms of an agreement without satisfying a clear condition precedent to the formation of a binding lease agreement). Plaintiff does not establish manifestation of intent by the parties to be bound by a merger agreement. To support her contract theory, Plaintiff points to preliminary negotiations for a potential future agreement, but these negotiations do not manifest mutual intent to be bound. ECF No. 7-8 at 1-2. Additionally, Plaintiff concedes that neither the Encore or POKC Boards received or voted on a merger agreement, so it is implausible that any binding agreement could have been formed. ECF No. 7 ¶¶ 83-84. Count II is dismissed on these grounds.

Count III, which relates to a breach of a license agreement to which Plaintiff is not a party, fails because Plaintiff does not establish standing as a third-party beneficiary. To establish third-party beneficiary standing, the surrounding circumstances must be so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of both parties at the time of contract formation, and the circumstances must indicate that the promisee intends to give the beneficiary the benefit of the promised performance. *Burks v. Fed. Ins. Co.*, 883 A.2d 1086, 1088 (Pa. Super. Ct. 2005). Notably, both parties must have intended to assume liability to such third parties at the time the contract was formed. *Id.* (quoting *Spires v. Hanover Fire Ins. Co.*, 70 A.2d 828, 830–31 (Pa. 1950)). Additionally, "Pennsylvania courts 'do not believe that parties ordinarily intend to confer such benefits upon the public at large or assume such massive potential liability when they enter into a contract.'" *Rush v. 220 Ingraham Operating Corp.*, No. 5:17-cv-01293, 2018 WL 2296539, at *2 (E.D. Pa. May 18, 2018) (quoting *Hicks v. Metro Edison Co.*, 665 A.2d 529, 535 (Pa. Commw. Ct. 1995)).

Although attendees of Pops concerts may have benefited from Encore's use of Verizon Hall, KCI's knowledge that licensing the space would indirectly benefit ticketholders does not establish that Plaintiff is a third-party beneficiary. It is implausible that KCI, through the License Agreement, intended to expose itself to breach of contract claims from Encore's patrons. Additionally, neither KCI nor Encore entered the License Agreement to incur benefits for a third-party. The purpose of a license agreement is to confer a privilege upon a licensee to perform certain acts on the licensor's property for a specified term. *See In re Greenfield Dry Cleaning & Laundry, Inc.*, 249 B.R. 634, 640 (Bankr. E.D. Pa. 2000). That is exactly what the License Agreement establishes—Encore's right to use Verizon Hall "for the purpose of performing, rehearsing, and otherwise staging performances." ECF No. 7-17 at 2. Considering these circumstances, it is implausible that both KCI and Encore intended Plaintiff to be a third-party beneficiary to their License Agreement; therefore this claim is dismissed.

Count IX, a promissory estoppel claim, fails because Plaintiff's claim consists solely of a "threadbare recita[l] of the elements of a cause of action" and conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even if Plaintiff successfully pled the elements of a promissory estoppel claim, where an express contract (like a ticket) exists, a promissory estoppel claim cannot survive. *AscellaHealth, LLC v. CRx Health Servs., LLC*, No. 14-5949, 2015 WL 1573395, *4 (E.D. Pa. 2015) ("[A] claim for promissory estoppel can only be made in the absence of an express written contract on the same subject matter."). Since Plaintiff entered an express contract on the same subject matter

as the promise—the scheduled concerts—her promissory estoppel claim is not viable and is hereby dismissed. ECF No. 7 at 30.