UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL L. CALLAHAN, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>v.<br><br>ENCORE SERIES INC. dba THE PHILLY POPS, THE KIMMEL CENTER, INC., THE PHILADELPHIA ORCHESTRA ASSOCIATION AND KIMMEL CENTER, INC., TICKET PHILADELPHIA, and FRANK GIORDANO,<br><br>              Defendants. | **CASE NO. 2:24-cv-05495**<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THE KIMMEL CENTER, INC., THE PHILADELPHIA ORCHESTRA AND KIMMEL CENTER, INC., AND TICKET PHILADELPHIA

Defendants The Kimmel Center, Inc. ("KCI"), The Philadelphia Orchestra and Kimmel Center, Inc. ("POKC") (incorrectly named as the Philadelphia Orchestra Association and Kimmel Center, Inc.), and Ticket Philadelphia ("TP") (collectively, "Kimmel Defendants"), by and through their undersigned attorneys, respectfully submit the following Answer and Affirmative Defenses to the First Amended Class Action Complaint, ECF No. 7 (the "Amended Complaint"), filed by Plaintiff Carol L. Callahan ("Callahan" or "Plaintiff") individually and on behalf of all others similarly situated ("Plaintiffs" or "Putative Class Members").

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 8(b)(3), the Kimmel Defendants deny each and every one of the allegations, including any factual allegations in the preamble to the Amended Complaint as well as headings or footnotes in the Amended Complaint, except to the extent those allegations are specifically admitted below. The Kimmel Defendants are answering the Amended Complaint to the best of their current knowledge and information and in a manner consistent with the applicable Rules. The Kimmel Defendants' investigation continues, and the Kimmel Defendants reserve their rights to supplement or modify any portion of this Answer and Affirmative Defenses. Moreover, the Kimmel Defendants respond in this Answer only to the claims that remain after the Court's Order dated November 13, 2025 (EFC No. 35).

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### NATURE OF THE ACTION

**Answer to Paragraph 1:** The allegations in Paragraph 1 state legal conclusions to which no responses are required. To the extent a response is deemed necessary, the Kimmel Defendants deny the allegations in Paragraph 1.

**Answer to Paragraph 2:** The allegations in paragraph 2 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants lack sufficient knowledge or information to form a belief as to

the truth or accuracy of Plaintiffs' claimed investigation and on that basis deny the allegations in this paragraph. The Kimmel Defendants deny the allegations in paragraph 2 of the Amended Complaint.

## PARTIES

### *Plaintiff*

**Answer to Paragraph 3:** The allegations in paragraph 3 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint and on that basis deny them.

### *The POPS Defendants*

**Answer to Paragraph 4:** The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint that are directed to other defendants and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 4.

**Answer to Paragraph 5:** The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint that are directed to other defendants and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 5.

**Answer to Paragraph 6:** The Kimmel Defendants admit that the POPS performed at the Kimmel Center from 2001 through December 2022. The Kimmel Defendants further admit the POPS and KCI executed the Amended and Restated Resident Company License Agreement, which was set to expire on June 30, 2023. The Kimmel Defendants deny any remaining allegations in paragraph 6.

**Answer to Paragraph 7:**    The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 7.

**Answer to Paragraph 8:**    The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 8.

**Answer to Paragraph 9:**  The Kimmel Defendants admit only that Giordano and the POPS are referred to collectively as the "POPS Defendants" in the Amended Complaint.

### *The Kimmel Defendants*

**Answer to Paragraph 10:**  The Kimmel Defendants admit the allegations in paragraph 10.

**Answer to Paragraph 11:**  The Kimmel Defendants deny the allegations in paragraph 11.

**Answer to Paragraph 12:**  The Kimmel Defendants admit the allegations in paragraph 12.

**Answer to Paragraph 13:**  The Kimmel Defendants deny the allegations as stated in Paragraph 13.  By way of further response, the Kimmel Defendants admit that the Orchestra is a symphony orchestra with a mission to share the transformative power of music with the widest possible audience in the Philadelphia region, across the country, and around the world.  In addition to indoor concerts at the Kimmel Center, the Orchestra performs in venues and locations throughout the greater Philadelphia region, the United States, and around the world.  In Philadelphia, the Orchestra performs primarily in Marian Anderson Hall but also at other venues,

both indoors and outdoors, including at the Mann Center for the Performing Arts, Penn's Landing, Lincoln Financial Field, Longwood Gardens, and the Philadelphia Navy Yard, and provides education and community programming throughout Philadelphia and the region.

**Answer to Paragraph 14:**  The Kimmel Defendants admit that POKC is a nonprofit corporation, organized under the laws of the Commonwealth of Pennsylvania and has a principal place of business at One South Broad Street, 14th Floor, Philadelphia, Pennsylvania 19107.

**Answer to Paragraph 15:**  The Kimmel Defendants admit that POKC was formed on December 3, 2021, when KCI partnered with the POA to create an inclusive, innovative performing arts organization that better serves the audiences, artists, and communities of Philadelphia, the region, and the Commonwealth.  The Kimmel Defendants deny the remaining allegations in Paragraph 15.

**Answer to Paragraph 16:**  The Kimmel Defendants admit the allegations in paragraph 16.

**Answer to Paragraph 17:**  The Kimmel Defendants admit the allegations in paragraph 17.  By way of further explanation, Ticket Philadelphia provides ticketing solutions for nonprofit arts and cultural organizations throughout the Delaware Valley.

**Answer to Paragraph 18:**  The allegations in paragraph 18 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 18 of the Amended Complaint.

**Answer to Paragraph 19:**  The allegations in paragraph 19 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed

necessary, the Kimmel Defendants deny the allegations in paragraph 19 of the Amended Complaint.

**Answer to Paragraph 20:**  Admitted only that KCI, POKC, and Ticket Philadelphia are referred to collectively as the "Kimmel Defendants" for the purposes of the Amended Complaint and this Answer.

**Answer to Paragraph 21:**  Admitted only that the POPS Defendants and the Kimmel Defendants are referred to collectively herein as the "Defendants" for the purposes of the Amended Complaint and this Answer.  The Kimmel Defendants otherwise deny the allegations in paragraph 21.

### JURISDICTION AND VENUE

**Answer to Paragraph 22:**  The allegations in paragraph 22 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint and on that basis deny them.

**Answer to Paragraph 23:**  The allegations in paragraph 23 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint and on that basis deny them.

**Answer to Paragraph 24:**  The allegations in paragraph 24 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants admit only that they regularly conduct business in the City of

Philadelphia.  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24 of the Amended Complaint and on that basis deny them.

**INDIVIDUAL PLAINTIFF'S ALLEGATIONS**

**Answer to Paragraph 25:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 25.

**Answer to Paragraph 26:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint and on that basis deny them.

**Answer to Paragraph 27:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint that are directed to other Defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 27.

**Answer to Paragraph 28:**  The allegations in paragraph 28 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 28 that are inconsistent with the document.  The Kimmel Defendants also lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 28.

**Answer to Paragraph 29:**  The allegations in paragraph 29 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 29 that are inconsistent with the document.  The Kimmel Defendants also lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint related to other parties and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 29.

**Answer to Paragraph 30:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint and on that basis deny them.

**Answer to Paragraph 31:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint and on that basis deny them.  The Kimmel Defendants deny that they received any money from Plaintiff.

**Answer to Paragraph 32:**  The Kimmel Defendants admit that POKC issued a statement on around January 20, 2023, stating in part that "the Philly Pops must suspend all performances on the Kimmel Cultural Campus while the Pops takes time to restructure its business model and raise the funding needed to pay debts and secure a financial future."  The Kimmel Defendants deny any remaining allegations in paragraph 32.

**Answer to Paragraph 33:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint related to other Defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 33.

**Answer to Paragraph 34:**    The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint related to other Defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 34.

**Answer to Paragraph 35:**    The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint related to other parties and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 35.

**Answer to Paragraph 36:**    The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint related to other parties and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 36.

**Answer to Paragraph 37:**    The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint related to other parties and on that basis deny them.  The Kimmel Defendants deny that Plaintiff contacted the Kimmel Defendants to attempt to obtain a refund for her tickets and further deny that the Kimmel Defendants informed Plaintiff no refund could be offered.

**Answer to Paragraph 38:**    The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint related to other parties and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 38.

**Answer to Paragraph 39:**  The allegations in Paragraph 39 state legal conclusions to which no responses are required.  The Kimmel Defendants also lack sufficient knowledge or

information to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint related to other parties and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 39.

**Answer to Paragraph 40:** The allegations in Paragraph 40 state legal conclusions to which no responses are required. The Kimmel Defendants also lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint related to other parties and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 40.

## DEFENDANTS' SCHEME

**Answer to Paragraph 41:** The Kimmel Defendants deny the allegations in paragraph 41 of the Amended Complaint.

**Answer to Paragraph 42:** The allegations in Paragraph 42 state legal conclusions to which no responses are required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 42.

**Answer to Paragraph 43:** The allegations in Paragraph 43 state legal conclusions to which no responses are required. To the extent a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 43.

**Answer to Paragraph 44:** The Kimmel Defendants admit that the Orchestra filed for bankruptcy in 2011. The Kimmel Defendants deny any remaining allegations in paragraph 44.

**Answer to Paragraph 45:** The Kimmel Defendants admit the POPS and KCI executed the License Agreements referenced in Footnote 15. The agreements speak for themselves and the Kimmel Defendants deny any allegations or characterizations of the agreements in paragraph 45

that are inconsistent with the agreements.  The Kimmel Defendants deny any remaining allegations in paragraph 45.

**Answer to Paragraph 46:**  The allegations in paragraph 46 purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 46 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 46.

**Answer to Paragraph 47:**  The Kimmel Defendants deny the allegations in paragraph 47 of the Amended Complaint.

**Answer to Paragraph 48:**  The Kimmel Defendants deny the allegations in paragraph 48 of the Amended Complaint.

**Answer to Paragraph 49:**  The Kimmel Defendants deny the allegations in paragraph 49 of the Amended Complaint.

**Answer to Paragraph 50:**  The allegations in paragraph 50 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 50 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 50.

**Answer to Paragraph 51:**  The allegations in paragraph 51 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 51 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 51.

**Answer to Paragraph 52:**  The Kimmel Defendants admit that Exhibit 8 contains the quoted language.  The Kimmel Defendants otherwise deny the allegations in paragraph 52.

**Answer to Paragraph 53:**  The allegations in paragraph 53 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 53 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 53.

**Answer to Paragraph 54:**  The Kimmel Defendants deny the allegations in paragraph 54.

**Answer to Paragraph 55:**  The allegations in paragraph 55 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 55 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 55.

**Answer to Paragraph 56:**  The allegations in paragraph 56 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 56 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 56.

**Answer to Paragraph 57:**  The allegations in paragraph 57 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 57 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 57.

**Answer to Paragraph 58:**  The Kimmel Defendants deny the allegations in paragraph 58 of the Amended Complaint.  Encore has acknowledged owing debt to the Kimmel Defendants, and has stipulated to an entry of judgement of $1,021,209.72 for counterclaims asserted in the Antitrust Action related to that debt.  *See* Stipulation of Judgment and Dismissal of Claims in the Antitrust Action, ECF No. 51.

**Answer to Paragraph 59:** The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint that are directed to other defendants and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 59. By way of further explanation, Encore has acknowledged owing debt to the Kimmel Defendants, and has stipulated to an entry of judgement of $1,021,209.72 for counterclaims asserted in the Antitrust Action related to that debt. *See* Stipulation of Judgment and Dismissal of Claims in the Antitrust Action, ECF No. 51.

**Answer to Paragraph 60:** The Kimmel Defendants deny the allegations in paragraph 60. Encore has acknowledged owing debt to the Kimmel Defendants, and has stipulated to an entry of judgement of $1,021,209.72 for counterclaims asserted in the Antitrust Action related to that debt. *See* Stipulation of Judgment and Dismissal of Claims in the Antitrust Action, ECF No. 51.

**Answer to Paragraph 61:** The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint that are directed to other defendants and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 61.

**Answer to Paragraph 62:** The allegations in paragraph 62 reference and purport to describe a document. The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 62 that are inconsistent with the document. The Kimmel Defendants deny any remaining allegations in paragraph 62.

**Answer to Paragraph 63:** The allegations in paragraph 63 reference and purport to describe a document. The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 63 that are inconsistent with the document. The Kimmel Defendants deny any remaining allegations in paragraph 63.

**Answer to Paragraph 64:**  The allegations in paragraph 64 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 64 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 64.

**Answer to Paragraph 65:**  The allegations in paragraph 65 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 65 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 65.

**Answer to Paragraph 66:**  The Kimmel Defendants deny the allegations in paragraph 66.

**Answer to Paragraph 67:**  The allegations in paragraph 67 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 67 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations in paragraph 67.

**Answer to Paragraph 68:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 68 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 68.

**Answer to Paragraph 69:**  The Kimmel Defendants deny the allegations in paragraph 69 of the Amended Complaint.

**Answer to Paragraph 70:**  The Kimmel Defendants admit the allegations in paragraph 70.

**Answer to Paragraph 71:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71 of the Amended

Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 71.

**Answer to Paragraph 72:**  The Kimmel Defendants deny the allegations in paragraph 72 of the Amended Complaint.

**Answer to Paragraph 73:**  The Kimmel Defendants deny the allegations in paragraph 73 of the Amended Complaint.

**Answer to Paragraph 74:**  The Kimmel Defendants deny the allegations in paragraph 74 of the Amended Complaint.

**Answer to Paragraph 75:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 75.

**Answer to Paragraph 76:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 76.

**Answer to Paragraph 77:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 77.

**Answer to Paragraph 78:**  The Kimmel Defendants deny the allegations in paragraph 78 of the Amended Complaint.

**Answer to Paragraph 79:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 79 of the Amended Complaint.

**Answer to Paragraph 80:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 80.

**Answer to Paragraph 81:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 81.

**Answer to Paragraph 82:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 82 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 82.

**Answer to Paragraph 83:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83 of the Amended Complaint that are directed to other defendants and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 83.

**Answer to Paragraph 84:**  The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84 of the Amended

Complaint that are directed to other defendants and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 84.

**Answer to Paragraph 85:** The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85 of the Amended Complaint that are directed to other defendants and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 85.

**Answer to Paragraph 86:** The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86 of the Amended Complaint that are directed to other defendants and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 86.

**Answer to Paragraph 87:** The Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 of the Amended Complaint that are directed to other defendants and on that basis deny them. The Kimmel Defendants deny any remaining allegations in paragraph 87.

**Answer to Paragraph 88:** The Kimmel Defendants deny the allegations in paragraph 88 of the Amended Complaint.

**Answer to Paragraph 89:** The Kimmel Defendants deny the allegations in paragraph 89 of the Amended Complaint.

**Answer to Paragraph 90:** The allegations in paragraph 90 reference and purport to describe a document. The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 90 that are inconsistent with the document. The Kimmel Defendants deny any remaining allegations in paragraph 90 of the Amended Complaint.

**Answer to Paragraph 91:**  The Kimmel Defendants admit that POPS was suspended as a resident company from the Kimmel Center because it owed POKC and its affiliates more than $1 million and repeatedly failed to honor promises to repay its contractual obligations.  The Kimmel Defendants deny any remaining allegations in paragraph 91 of the Amended Complaint.

**Answer to Paragraph 92:**  The Kimmel Defendants deny the allegations in paragraph 92 of the Amended Complaint.

**Answer to Paragraph 93:**  The allegations in Paragraph 93 state legal conclusions to which no responses are required.  The Kimmel Defendants also lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 93 of the Amended Complaint related to other parties and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 93.

**Answer to Paragraph 94:**  The allegations in Paragraph 94 state legal conclusions to which no responses are required.  The Kimmel Defendants also lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 94 of the Amended Complaint related to other parties and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 94.

**Answer to Paragraph 95:**  The Kimmel Defendants admit only that they have not assumed any liabilities of the POPS and are under no legal obligation to do so.  The allegations in Paragraph 95 state legal conclusions to which no responses are required.  To the extent a response is deemed necessary, the Kimmel Defendants also lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95 of the Amended Complaint related to other parties and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 95.

**Answer to Paragraph 96:**  The Kimmel Defendants admit that in or around the summer of 2023, the Kimmel Defendants agreed to host multiple performance at the Marian Anderson Hall by a new orchestra of former POPS musicians who reportedly have secured the right to use the 'Philly Pops' name.

**Answer to Paragraph 97:**  The Kimmel Defendants admit that 'The Philly Pops' are now performing at Marian Anderson Hall.  Otherwise, the allegations in Paragraph 97 state legal conclusions to which no responses are required.  To the extent a response is deemed necessary, the Kimmel Defendants deny the remaining allegations in paragraph 97 of the Amended Complaint.

**Answer to Paragraph 98:**  Admitted that the POPS filed the Antitrust Action against POKC, KCI, and others in this court around April 2023.  The Kimmel Defendants deny the remaining allegations in paragraph 98 of the Amended Complaint.  By way of further explanation, Encore's claims have all been dismissed with prejudice.  See Stipulation of Judgment and Dismissal of Claims in the Antitrust Action, ECF No. 51.  Judgment has been entered in favor of KCI, TP, and POKC against, Encore, with respect to counterclaims asserted by those parties.  *Id.*

**Answer to Paragraph 99:**  Allegations in paragraph 99 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document  in paragraph 99 that are inconsistent with the document.  The Kimmel Defendants deny any remaining allegations.  By way of further explanation, Encore's claims have all been dismissed with prejudice.  *See* Stipulation of Judgment and Dismissal of Claims in the Antitrust Action, ECF No. 51.  Judgment has been entered in favor of KCI, TP, and POKC and against Encore with respect to counterclaims asserted by those parties.  *Id.*

**Answer to Paragraph 100:**  The Kimmel Defendants deny the allegations in paragraph 100 of the Amended Complaint.

**Answer to Paragraph 101:**  The Kimmel Defendants admit that, in a hearing held in connection with the Antitrust Action, a POPS director testified that the POPS used funds it received for tickets to the Cancelled Concerts to pay for "other things."  The Kimmel Defendants deny the remaining allegations in paragraph 101.  By way of further explanation, Encore's claims have all been dismissed with prejudice.  *See* Stipulation of Judgment and Dismissal of Claims in the Antitrust Action, ECF No. 51.  Judgment has been entered in favor of KCI, TP, and POKC and against Encore with respect to counterclaims asserted by those parties.  *Id.*

**Answer to Paragraph 102:**  Allegations in paragraph 102 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 102 that are inconsistent with the document.  By way of further explanation, Encore's claims have all been dismissed with prejudice.  *See* Stipulation of Judgment and Dismissal of Claims in the Antitrust Action, ECF No. 51.  Judgment has been entered in favor of KCI, TP, and POKC against, Encore, with respect to counterclaims asserted by those parties.  *Id.*

**Answer to Paragraph 103:**  Allegations in paragraph 103 reference and purport to describe a document.  The document speaks for itself and the Kimmel Defendants deny any allegations or characterizations of the document in paragraph 103 that are inconsistent with the document.  By way of further explanation, Encore's claims have all been dismissed with prejudice.  *See* Stipulation of Judgment and Dismissal of Claims in the Antitrust Action, ECF No. 51.  Judgment has been entered in favor of KCI, TP, and POKC against, Encore, with respect to counterclaims asserted by those parties.  *Id.* The Kimmel Defendants further deny the allegations in paragraph 103 because the Antitrust Action has been terminated.

20

**Answer to Paragraph 104:**  The allegations in paragraph 104 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 104 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

**Answer to Paragraph 105:**  The Kimmel Defendants admit only that Plaintiff has requested that this case be certified as a class action pursuant to Federal Rule of Civil Procedure 23, and that Putative Class Members have proposed the class definition in paragraph 105.  The Kimmel Defendants deny that class certification in this matter is appropriate, deny that Kimmel Defendants engaged in any wrongful conduct, and deny that the proposed class has experienced any harm caused by the Kimmel Defendants.  The Kimmel Defendants deny the allegations in paragraph 105.

**Answer to Paragraph 106:**  The Kimmel Defendants admit only that Plaintiff has requested that this case be certified as a class action pursuant to Federal Rule of Civil Procedure 23, and that Putative Class Members class definition exclude any entity or person described in in paragraph 106.  The Kimmel Defendants deny that class certification in this matter is appropriate, deny that Kimmel Defendants engaged in any wrongful conduct, and deny that the proposed class has experienced any harm caused by the Kimmel Defendants.  The Kimmel Defendants deny the allegations in paragraph 106.

**Answer to Paragraph 107:**  The allegations in paragraph 107 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny that this case meets the requirements of Federal Rule of Civil Procedure 23 and deny that the case is appropriate for class treatment.

**Answer to Paragraph 108:**  The allegations in paragraph 108 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny that this case meets the requirements of Federal Rule of Civil Procedure 23 and deny that the case is appropriate for class treatment.

**Answer to Paragraph 109:**  The allegations in paragraph 109 and its subparts of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny that this case meets the requirements of Federal Rule of Civil Procedure 23 and deny that the case is appropriate for class treatment.

**Answer to Paragraph 110:**  The allegations in paragraph 110 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny that this case meets the requirements of Federal Rule of Civil Procedure 23 and deny that the case is appropriate for class treatment.

**Answer to Paragraph 111:**  The allegations in paragraph 111 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny that this case meets the requirements of Federal Rule of Civil Procedure 23 and deny that the case is appropriate for class treatment.

**Answer to Paragraph 112:**  The allegations in paragraph 112 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny that this case meets the requirements of Federal Rule of Civil Procedure 23 and deny that the case is appropriate for class treatment.

**Answer to Paragraph 113:**  The allegations in paragraph 113 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed

necessary, the Kimmel Defendants deny that this case meets the requirements of Federal Rule of Civil Procedure 23 and deny that the case is appropriate for class treatment.

**FIRST CAUSE OF ACTION**

**PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**
**73 Pa. C.S.A. §§ 201-1, *et seq.***
**(Plaintiff and the Nationwide Class, or alternatively, the Pennsylvania Sub-Class v. All Defendants)**

**Answer to Paragraph 114:**  The Kimmel Defendants incorporate by reference their answers and denials to the allegations in the Amended Complaint as though fully set forth herein.

**Answer to Paragraph 115:**  The allegations in paragraph 115 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Kimmel Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 115 of the Amended Complaint related to other parties and on that basis deny them.  The Kimmel Defendants deny any remaining allegations in paragraph 115.

**Answer to Paragraph 116:**  The allegations in paragraph 116 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 116.

**Answer to Paragraph 117:**  The allegations in paragraph 117 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 117.

**Answer to Paragraph 118:**  The allegations in paragraph 118 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 118.

**Answer to Paragraph 119:**  The allegations in paragraph 119 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 119.

**Answer to Paragraph 120:**  The allegations in paragraph 120 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 120.

**Answer to Paragraph 121:**  The allegations in paragraph 121 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 121.

**Answer to Paragraph 122:**  The allegations in paragraph 122 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 122.

**Answer to Paragraph 123:**  The allegations in paragraph 123 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 123.

**Answer to Paragraph 124:**  The allegations in paragraph 124 of the Amended Complaint and its subparts state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 124.

**Answer to Paragraph 124:**  The allegations in paragraph 125 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 125.

**Answer to Paragraphs 126-146:**  The Court dismissed the Second and Third Causes of Action in the Amended Complaint as alleged in paragraphs 126-146.  As such, no response is

required to these allegations.   To the extent a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraphs 126-146.

### FOURTH CAUSE OF ACTION

**FRAUD (Plaintiff and the Nationwide Class v. The Philadelphia Orchestra Association and Kimmel Center, Inc. and Frank Giordano)**

**Answer to Paragraph 147:**  The Kimmel Defendants incorporate by reference their answers and denials to the allegations in the Amended Complaint as though fully set forth herein.

**Answer to Paragraph 148:**  The allegations in paragraph 148 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary Kimmel Defendants deny the allegations in paragraph 148.

**Answer to Paragraph 149:**  The allegations in paragraph 149 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 149.

**Answer to Paragraph 150:**  The allegations in paragraph 150 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 150.

**Answer to Paragraph 151:**  The allegations in paragraph 151 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 151.

**Answer to Paragraph 152:**  The allegations in paragraph 152 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 152.

**Answer to Paragraph 153:** The allegations in paragraph 153 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 153.

**Answer to Paragraph 154:** The allegations in paragraph 154 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 154.

**Answer to Paragraph 155:** The allegations in paragraph 155 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 155.

## FIFTH CAUSE OF ACTION

### AIDING AND ABETTING
### (Plaintiff and the Nationwide Class v. The Philadelphia Orchestra Association and Kimmel Center, Inc. and Frank Giordano)

**Answer to Paragraph 156:** The Kimmel Defendants incorporate by reference their answers and denials to the allegations in the Amended Complaint as though fully set forth herein.

**Answer to Paragraph 157:** The allegations in paragraph 157 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, Kimmel Defendants deny the allegations in paragraph 157.

**Answer to Paragraph 158:** The allegations in paragraph 158 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 158.

**Answer to Paragraph 159:** The allegations in paragraph 159 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 159.

**Answer to Paragraph 160:** The allegations in paragraph 160 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 160.

**Answer to Paragraph 161:** The allegations in paragraph 161 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 161.

**Answer to Paragraph 162:** The allegations in paragraph 162 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 162.

**Answer to Paragraph 163:** The allegations in paragraph 163 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 163.

**Answer to Paragraph 164:** The allegations in paragraph 164 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 164.

**Answer to Paragraph 165:** The allegations in paragraph 165 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 165.

**Answer to Paragraph 166:** The Kimmel Defendants deny the allegations in paragraph 166.

**Answer to Paragraphs 167-175:** The Sixth Cause of Action in the Amended Complaint as alleged in paragraphs 167-175 does not pertain to the Kimmel Defendants. As such, no response

is required to these allegations.  To the extent a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraphs 167-175.

**Answer to Paragraphs 176-186:**  Plaintiff voluntarily dismissed the Seventh Cause of Action as alleged in paragraphs 176-186. As such, no response is required to these allegations.  To the extent a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraphs 176-186.

## EIGHTH CAUSE OF ACTION

### CONCERT OF ACTION (Plaintiff and the Nationwide Class v. The Philadelphia Orchestra Association and Kimmel Center, Inc. and Frank Giordano)

**Answer to Paragraph 187:**  The Kimmel Defendants incorporate by reference their answers and denials to the allegations in the Amended Complaint as though fully set forth herein.

**Answer to Paragraph 188:**  The allegations in paragraph 188 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 188.

**Answer to Paragraph 189:**  The allegations in paragraph 189 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 189.

**Answer to Paragraph 190:**  The allegations in paragraph 190 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 190.

**Answer to Paragraph 191:**  The allegations in paragraph 191 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 191.

**Answer to Paragraph 192:**  The allegations in paragraph 192 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 192.

**Answer to Paragraph 193:**  The allegations in paragraph 193 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 193.

**Answer to Paragraph 194:**  The allegations in paragraph 194 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 194.

**Answer to Paragraphs 195-199:**  The Court dismissed the Ninth Cause of Action in the Amended Complaint as alleged in paragraphs 195-199.  As such, no response is required to these allegations.  To the extent a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraphs 195-199.

## TENTH CAUSE OF ACTION

**NEGLIGENT MISREPRESENTATION (Plaintiff and the Nationwide Class v. The Philadelphia Orchestra Association and Kimmel Center, Inc., and Frank Giordano)**

**Answer to Paragraph 200:**  The Kimmel Defendants incorporate by reference their answers and denials to the allegations in the Amended Complaint as though fully set forth herein.

**Answer to Paragraph 201:**  The allegations in paragraph 201 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary Kimmel Defendants deny the allegations in paragraph 201.

**Answer to Paragraph 202:**  The allegations in paragraph 202 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 202.

**Answer to Paragraph 203:**  The allegations in paragraph 203 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 203.

**Answer to Paragraph 204:**  The allegations in paragraph 204 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 204.

**Answer to Paragraph 205:**  The allegations in paragraph 205 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Kimmel Defendants deny the allegations in paragraph 205.

## RESPONSE TO PRAYER FOR RELIEF

The Kimmel Defendants acknowledge that Plaintiff seeks the relief requested in the Prayer for Relief, but deny that Plaintiff is entitled to any of the relief sought therein, or any relief whatsoever, whether legal, equitable or otherwise.  The Kimmel Defendants further deny that they caused or contributed to Plaintiff's alleged injuries in any way and deny they are liable to Plaintiff for damages or any other relief sought in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without admitting liability as to any of the claims asserted in the Amended Complaint, and without assuming any burden of proof that they would not otherwise bear under applicable law, the Kimmel Defendants assert the following affirmative and other defenses to each and every cause of action alleged in the Amended Complaint.  The Kimmel Defendants reserve their rights to amend or supplement their affirmative defenses.

The Kimmel Defendants also reserve all Affirmative Defenses under Federal Rule of Civil Procedure 8(c)(1) and any other defenses that, at law or in equity, may now exist or in the future

be available based on discovery and further factual investigation in this case. As indicated in the Preliminary Statement above, the Kimmel Defendants' investigations into this matter are ongoing and the Kimmel Defendants reserve their rights to supplement or modify any portion of this Answer, including, but not limited to, by asserting additional affirmative or other defenses not yet asserted herein, at any time and consistent with the Federal Rules of Civil Procedure.

## FIRST DEFENSE

Plaintiff's and/or putative class members' claims may be subject to binding arbitration pursuant to a valid and binding arbitration agreement and Kimmel Defendants specifically reserve, and do not waive, the right to compel arbitration of any claims asserted by Plaintiff or any putative class member.

## SECOND DEFENSE

Plaintiff's and/or putative class members' claims may be barred by a class action waiver provision subject to a valid and binding agreement and Kimmel Defendants specifically reserve, and do not waive, the right to invoke this provision against any claims asserted by Plaintiff or any putative class member.

## THIRD DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, for the failure to state a claim upon which relief can be granted, including for the reasons set forth in the Kimmel Defendants' previously filed motion to dismiss and reply in support.

## FOURTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, because the Plaintiff's and/or putative class members' alleged injuries were not caused by any act or omission attributable to any of the Kimmel Defendants.

## FIFTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

## SIXTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, because Plaintiff and/or putative class members failed to mitigate damages, if any, allegedly suffered as a result of the conduct she alleges.

## SEVENTH DEFENSE

Any damages that Plaintiff and/or putative class members allegedly suffered are too remote, speculative, and/or uncertain to allow for a recovery. Such damages are not capable of ascertainment and allocation.

## EIGHTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, because this action does not meet the requirements of Federal Rule of Civil Procedure 23. For example, common questions of law or fact do not predominate over questions affecting individual class members—such as questions related to the arbitration agreement, the class action waiver provision, whether individual class members reviewed the "Merger Announcements," whether individual class members relied on the Merger Announcements, and alleged damages—and thus this action is not maintainable as a class action. Other requirements of Rule 23 are similarly not met.

## NINTH DEFENSE

Plaintiff and/or putative class members lack standing, either individually or in a representative capacity, to assert the claims in the Amended Complaint. Plaintiff and/or putative

class members have not suffered injuries in fact that are fairly traceable to the conduct alleged in the Amended Complaint.

### TENTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, to the extent that necessary and indispensable parties have not been joined in this action under Fed. R. Civ. P. 19, thereby prohibiting the litigation and resolution of this proceeding among the parties presently before the Court. Defendants reserve the right to implead such parties.

### ELEVENTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, by the economic loss doctrine.

### TWELFTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, by a lack of actual or proximate cause.

### THIRTEENTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, because any actual damages or risk of future harm to Plaintiff and/or putative class members proximately resulted from intervening acts for which the Kimmel Defendants are not responsible, including, but not limited to, acts by Encore and Giordano.

### FOURTEENTH DEFENSE

The claims asserted in the Amended Complaint are barred in whole or in part because the Kimmel Defendants at all times acted in good faith and in compliance with applicable federal and state laws and regulations.

## FIFTEENTH DEFENSE

The claims asserted in the Amended Complaint are barred in whole or in part because Plaintiff and/or putative class members did not rely on any alleged misrepresentation, misleading disclosures, and/or omissions by any Kimmel Defendant, or alternatively, such reliance was not reasonable or justifiable.

## SIXTEENTH DEFENSE

To the extent that any fault or liability is assessed against the Kimmel Defendants, which the Kimmel Defendants expressly deny, the Kimmel Defendants are entitled to a reduction, offset, or credit to the extent that the conduct, negligence, fault, or liability of other persons or entities caused or contributed to the alleged injuries for which Plaintiff and/or any putative class members seek damages from the Kimmel Defendants.

## SEVENTEENTH DEFENSE

The claims asserted in the Amended Complaint are barred in whole or in part because the alleged representations or statements were true and accurate at the time made and/or otherwise made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.  Further, or in the alternative, the alleged representations or statements were forward-looking, aspirational, or mere opinions rather than enforceable promises and made with no present intent to defraud.

## EIGHTEENTH DEFENSE

The claims asserted in the Amended Complaint are barred in whole or in part because the Kimmel Defendants owed no duty to Plaintiff and/or putative class members and are not in a fiduciary or confidential relationship with Plaintiff and/or putative class members.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, because the conduct alleged does not rise to the level of outrageousness required under law to justify such damages. The Kimmel Defendants deny that any of its actions or omissions were willful, wanton, malicious or in reckless disregard of Plaintiff's rights.

The Kimmel Defendants further state that any claim for punitive damages is barred to the extent Plaintiff failed to allege, or cannot prove, facts demonstrating the requisite state of mind for the imposition of punitive damages under law.

The Kimmel Defendants further state that any award of punitive damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and applicable provisions of state law, in that such an award would be arbitrary, excessive, and would constitute an impermissible penalty lacking adequate procedural and substantive safeguards.

The Kimmel Defendants further reserve the right to rely upon any statutory or common-law limitations on punitive damages, including any applicable caps or restrictions under state or federal constitutional principles.

## TWENTIETH DEFENSE

The Kimmel Defendants adopt by reference any applicable affirmative defense set forth by any other defendant not expressly set forth herein.

## RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES

The Kimmel Defendants hereby give notice that they intend to assert and rely upon any and all such other Defenses and affirmative defenses that may become available or apparent as this action proceeds, and thus reserves the right to amend this Answer to assert such Defenses.

## **JURY TRIAL DEMANDED**

The Kimmel Defendants demand a trial by jury of all issues triable.

**WHEREFORE**, the Kimmel Defendants request that this Court grants judgment in their favor and against Plaintiffs.

Dated: November 28, 2025

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Steven A. Reed*
Steven A. Reed (PA ID: 60145)
Evan K. Jacobs (PA ID: 314126)
2222 Market Street
Philadelphia, Pennsylvania 19103-3007
Tel:   215.963.5000
Fax:   215.963.5001
steven.reed@morganlewis.com
evan.jacobs@morganlewis.com

*Counsel for Defendants Kimmel Center, Inc.,*
*Philadelphia Orchestra and Kimmel Center,*
*Inc., and Ticket Philadelphia*

**CERTIFICATE OF SERVICE**

I, Evan K. Jacobs, hereby certify that on November 28, 2025, Defendants Kimmel Center, Inc., Philadelphia Orchestra and Kimmel Center, Inc., and Ticket Philadelphia filed the foregoing Answer and Affirmative Defenses using the CM/ECF system, which will send notification and a copy of this filing to all counsel of record.

*/s/ Evan K. Jacobs*
Evan K. Jacobs