**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAROL L. CALLAHAN, Individually and on Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>**v.**<br><br>**ENCORE SERIES INC. dba THE PHILLY POPS, THE KIMMEL CENTER, INC., THE PHILADELPHIA ORCHESTRA ASSOCIATION AND KIMMEL CENTER, INC., TICKET PHILADELPHIA, and FRANK GIORDANO,**<br><br>Defendants. | : | **CIVIL ACTION**<br><br>**NO. 24-5495** |

**ORDER**

**WHEREAS**, Plaintiff Carol L. Callahan ("Plaintiff" or "Named Plaintiff"), individually and as representative of the class defined below, and Defendants The Kimmel Center, Inc., The Philadelphia Orchestra Association and Kimmel Center, Inc., Ticket Philadelphia, (collectively, "Kimmel Defendants"), Encore Series Inc. dba The Philly Pops ("Encore"), and Frank Giordano ("Giordano) (Kimmel Defendants, Encore and Giordano collectively, "Defendants") (collectively, the "Parties") have entered into a Settlement Agreement, which, if approved, would resolve this class action ("Action").

**WHEREAS**, Plaintiff has filed a motion for preliminary approval of the proposed settlement ("Settlement") set forth in the Settlement Agreement, which Defendants do not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Settlement Agreement,[1] and all exhibits thereto, including the proposed class

[1] "Settlement Agreement" herein refers to the Revised Settlement Agreement filed on September 30, 2026 (ECF No. 51). At a hearing on September 17, 2026, the Court expressed concerns with Section 7 of the previous agreement, which required objectors to provide "a copy of any orders related to or ruling upon the objector's prior" objections

notices (hereinafter, the "Notices"), and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that the Postcard Notice be disseminated to the class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties and after consideration of the Settlement and its exhibits,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 48, as revised by the filings at ECF Nos. 51 and 52, is **GRANTED**.

It is **FURTHER ORDERED** as follows:

1. Unless otherwise defined herein, defined terms used in this Order have the same meaning as defined in the Settlement Agreement.

2. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class Members set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs, or delay associated with continued

---

they made to a class action settlement in any other case within the past five years. *See* ECF No. 48-2 at 15–16. The Revised Settlement Agreement removes that requirement and requires objectors only to provide the caption and case number of each case in which the objector has objected to a class action settlement within the last five years. ECF No. 51 at 15.

litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arms' length negotiations between experienced class action attorneys; (b) is sufficient to warrant that notice of the settlement and the Final Approval Hearing be disseminated to the Settlement Class Members; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by the Defendants or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

5. For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

> **All persons who paid for tickets to one or more of the Cancelled Concerts.**

Excluded from the Settlement Class are: (1) Defendants, as well as any parent, subsidiary, affiliate, or control person of Defendants, and the officers, directors, agents, servants, or employees of Defendants; (2) Class Counsel; (3) any Judge to whom this case is assigned, and his or her immediate family; and (4) any Settlement Class Member who has timely opted out of this proceeding.

6. For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) that the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) that there are questions of law and fact common to the Settlement Class, and that those questions predominate over any individual questions; (c) that the claims of Class Representative in the Action are typical of the claims of the Settlement Class; (d) that the Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) that a class action is superior to other available methods for fairly and efficiently adjudicating the Action. These findings are made solely for the purpose of settlement. If the Settlement is terminated, is not finally approved, or the Effective Date does not occur, the conditional certification shall be vacated,

the Action shall revert to its pre-settlement posture, and no party may cite this Order or these findings as evidence or as support for class certification in this or any other proceeding.

7. For purposes of the proposed Settlement only, the Court preliminarily appoints Carol L. Callahan as Settlement Class Representative.

8. For purposes of the proposed Settlement only, the Court preliminarily appoints Astor, Weiss, Kaplan & Mandel, LLP and Kopelowitz Ostrow, P.C. as Class Counsel to act on behalf of the Settlement Class.

9. The Court appoints Continental DataLogix LLC as Settlement Administrator, under the supervision of Class Counsel.

10. Having reviewed the proposed Postcard Notice and the proposed Long Form Notice submitted by the Parties, the Court approves, as to form and content, such Notices.

11. Within ten (10) days after the entry of this Order, Defendants shall produce to the Settlement Administrator the Class List.

12. The Settlement Administrator shall send the Postcard Notice to all Settlement Class Members via U.S. Mail, postage prepaid.

13. The Settlement Administrator shall establish the Settlement Website, which shall include the following: (i) the Long Form Notice; (ii) the Preliminary Approval Order; (iii) the Settlement Agreement (including all of its exhibits); (iv) the Claim Form; and (v) any other materials agreed upon by the Parties and/or required by the Court.

14. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of Notice to the Settlement Class.

15. The Court finds and determines that (a) mailing the Postcard Notice, (b) creating the Settlement Website, and (c) posting of the Long Form Notice on the Settlement Website, all pursuant

to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

16. Any Settlement Class Member may, upon request, be excluded or "opt-out" from the Settlement Class. No Settlement Class Member may both opt-out of and object to the Settlement.

17. Any Settlement Class Member who desires to request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the Settlement Agreement. Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than forty-five (45) days after the issuance of the Postcard Notice (the "Objection/Exclusion Deadline").

18. The written request for exclusion must include:

a. The case name and number of the Action;

b. The individual Settlement Class Member's full name, current residential address, mailing address (if different), telephone number, and e-mail address, if available;

c. A request that the Settlement Class Member wants to be excluded from the Class, with language manifesting his or her intent to be excluded from the Settlement Class, as determined by the Settlement Administrator; and

d. A dated, handwritten signature.

19. A request to be excluded from the Settlement Class that does not include all of the foregoing information in Paragraph 18, that is sent to an address other than that designated in the Long Form Notice, or that is not postmarked within the time specified, shall be invalid, and any individual sending such request shall be deemed to remain in the Settlement Class and shall be bound as a Settlement Class Member by the Settlement, if approved by the Court. Any Settlement Class Member who properly elects to be excluded shall not: (a) be bound by any orders of the Court or the Final

Judgment; (b) be entitled to relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be permitted to object to any aspect of the Settlement.

20. A request to be excluded from the Settlement Class must be personal. No person or entity other than a particular Settlement Class Member may opt that Settlement Class Member out of the Settlement Class, including on a class or representative basis.

21. Any Settlement Class Member may object to the Settlement and may appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class. Any such objection must be in the form and manner required by the Long Form Notice.

22. No Settlement Class Member or other person will be heard on such matters unless they have postmarked no later than the Objection Deadline a written objection that includes:

a. The case name and number of the Action;

b. The objector's full name, current residential address, mailing address (if different), telephone number, and e-mail address;

c. An explanation of the basis upon which the objector claims to be a Settlement Class Member;

d. Whether the objection applies only to the objector, to a specific subset of the Settlement Class or to the entire Settlement Class, and all grounds for the objection, accompanied by any legal support for the objection, and any documents or other evidence the objector believes supports the objection;

e. For each time the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection to this Settlement, the caption and case number of each case in which the objector has made such objection;

f. all documents or writings that the Settlement Class Member desires the Court to consider;

g. the full name, telephone number, mailing address, and e-mail address of all counsel who represent the objector and which counsel, if any, will appear at the Final Approval Hearing;

h. A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i. the objector's original signature and date of signature.

23. Written objections must be filed with the Court, and copies must be delivered to the Settlement Administrator, on or before the Objection Deadline.

24. If any Settlement Class Member does not make an objection in the form and manner set forth above and in the Settlement Agreement, they shall not be permitted to object to the Settlement, shall be deemed to have waived their objection, and be forever barred from making any such objection in the Action.

25. Class Members shall have 90 days after the earliest day on which the Notice is first distributed to submit a Claim. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Postcard Notice, the Claim Form, and the Court's order granting Preliminary Approval.

26. Class Counsel shall file a Motion for Final Approval and an Application for Attorneys' Fees and Expenses thirty (30) days following dissemination of Class Notice. Class Counsel may supplement these filings prior to the Final Approval Hearing. All filings shall be posted on the Settlement Website.

27. No less than one hundred and twenty (120) days following the entry of Preliminary Approval (the date of this Order), this Court will hold a hearing in the United States District Court for the Eastern District of Pennsylvania, **U.S. Courthouse, Courtroom 10-B, 601 Market Street, Philadelphia, PA 19106, at 10:00 a.m. on February 10, 2027** ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution should be approved as fair,

reasonable, and adequate to the Settlement Class; (c) whether to approve the application of Class Counsel for an award of Attorneys' Fees and Litigation Expenses; (d) whether to approve the payment of a Service Award to the Settlement Class Representative; (e) whether a Final Judgment should be entered; and (f) the disposition of any other matters properly brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class beyond updates to the Settlement Website. The Final Approval Hearing may be held in person, telephonically, or remotely via Zoom or other electronic platform without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

28. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be deemed represented by Class Counsel.

29. Upon the Effective Date as defined in the Settlement Agreement, the Releasing Parties shall have fully, finally, and forever released all Released Claims against the Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Parties.

30. Upon the Effective Date as defined in the Settlement Agreement, only persons who are Settlement Class Members shall have rights in the distribution of the Settlement Fund created by the Settlement, except as provided in the Settlement.

31. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

**Further Matters**

32. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

33. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, if appropriate, without further Notice to the Settlement Class.

BY THE COURT:

Dated: October 5, 2026

Hon. Mia R. Perez